# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JAMES W. GUYER,** | ) |
| | ) |
| **Plaintiff,** | ) Civil Action No.: 7:20-CV-486 |
| | ) |
| v. | ) |
| | ) |
| **PATRICK VIRGIL CHESS, et al.** | ) By: Hon. Robert S. Ballou |
| | ) United States Magistrate Judge |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER

This matter is before the court on Plaintiff's Motion to Quash Defendants' subpoenas duces tecum issued to non-parties. Dkt. 15. The matter has been fully briefed and the Court heard oral argument. During oral argument, the parties narrowed the scope of the motion to five subpoenas duces tecum issued to: 1) the Florida Department of Law Enforcement; 2) AT&T Wireless; 3) St. Boniface Episcopal Church; 4) Indiana University Bloomington; and 5) Wellington Chase Homeowner's Association.

Having reviewed the parties' briefs and heard oral argument, and for the reasons stated during the hearing, I construe Plaintiff's motion to quash as a motion for protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Plaintiff's motion for a protective order is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. As to the subpoena served upon the Florida Department of Law Enforcement, the motion is denied and Defendants are entitled to obtain the information sought by the subpoena.

2. As to the subpoena served upon AT&T Wireless, the motion is granted in part and the

subpoena is modified to require the production of responsive documents during the 24-hour period beginning 3 hours prior to the time of the motor vehicle accident at issue.

3. As to the subpoena served upon St. Boniface Episcopal Church, the motion is granted in part. Defendants may obtain Plaintiff's personnel file. Defendants may also obtain electronic records beginning on the date of the motor vehicle accident at issue, which relate to matters involving the motor vehicle accident and/or damages that Plaintiff claims are related to the accident.

4. As to the subpoena served upon Indiana University, the motion for a protective order is granted, and Defendants are not permitted to obtain these records. The subpoena relates to a period years prior to the accident at issue and I find that the request is not proportional to the needs of this case.

5. As to the subpoena served upon Wellington Chase Homeowner's Association, these records have been produced; thus, the motion for protective order is moot.

It is **SO ORDERED**.

Entered: December 21, 2020

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge